No. 2:21-cv-00362-MJH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAIR SHAKE ENVIRONMENTAL LEGAL SERVICES, | Civil Action |
| Plaintiff/Counterclaim Defendant, | No. 2:21-cv-00362-MJH |
| v. | |
| FAIRSHAKE, INC., | |
| Defendant/Counterclaim Plaintiff. | |

## BARNES & THORNBURG LLP'S MOTION TO WITHDRAW

Pursuant to LR 83.2, Barnes & Thornburg, LLP ("B&T"), and all lawyers affiliated with B&T who have made an appearance in this action, including without limitation Jonathan Froemel, Caitlin Byczko, George Horn and Lawrence James, respectfully move for an order granting them their withdrawal as counsel for Defendant/Counterclaim Plaintiff, FairShake, Inc. ("Fairshake"). As grounds therefor, B&T states as follows:

### I.  Compliance with LR 83.2

Local Rule 83.2 requires submission of a written motion specifying the reasons requiring withdrawal and, where the succeeding attorney is not known, set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state why, after due diligence, the attorney was unable to obtain the client's signature. LCvR 83.2.C.4 As set forth below, the present motion specifies the reasons for withdrawal and sets forth the name, address, telephone number and signature of Fairshake, in compliance with LR 83.2.

Furthermore, Fairshake has consented to and approved of B&T's withdrawal from its representation in this case.

**Identification of Party Information and Signature Pursuant to LR 83.2**

Address:     FairShake, Inc.

1611 Telegraph Ave. Fourth Floor, Oakland, CA 94612

Telephone:   FairShake, Inc. may be contacted through its CEO, Teel Lidow at (510) 457-1336

Signature:

I, Teel Lidow, CEO of Fairshake, Inc., have read the present Barnes & Thornburg LLP's Motion to Withdraw; and, Fairshake, Inc. consents to the withdrawal of Barnes & Thornburg LLP from representation of Fairshake, Inc. in this proceeding.

_____

Teel Lidow, CEO, Fairshake, Inc.

**II.     Withdrawal Should be Granted**

Whether to permit an attorney to withdraw is within the discretion of the court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). Courts consider the following factors in deciding whether to permit withdrawal: (a) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case." *Miller v. Native Link Constr., LLC*, CV 15-1605, 2019 WL 1277172, at *1 (W.D. Pa. Jan. 29, 2019). Similarly, Pennsylvania Rule of Professional Conduct 1.16(b)(1) permits withdrawal

where it can be accomplished without material adverse effect on the interests of the client. 204 Pa. Code § 81.4, Rule 1.16(b)(1).

With respect to the first factor, the reasons why withdrawal is sought, B&T and Fairshake have mutually agreed that B&T will no longer represent Fairshake in this matter going forward. Fairshake believes that its interests will be best served by seeking replacement counsel. To that end, Fairshake has begun the process of identifying replacement counsel. Teel Lidow, CEO of Fairshake, is an attorney based in the United States who is capable of finding suitable replacement counsel. If the Court needs further explanation regarding the grounds for B&T's motion to withdraw, B&T is available to explain its reasons to the Court *in camera*. *See* ABA Formal Op. 476 (2016) (generally addressing counsel's obligation of confidentiality when seeking leave of court to withdraw). In sum, granting withdrawal will accomplish the mutual desire of the Defendant and counsel and is in accordance with Rule 1.16 of the Rules of Professional Conduct. Accordingly, the first factor favors permitting withdrawal.

With respect to the second factor, third and fourth factors, withdrawal is not likely to cause prejudice to the other litigants, harm the administration of justice or significantly delay resolution of the case. B&T notified counsel for Fair Shake Environmental Legal Services ("FSELS") of its intent to withdraw on July 26, 2022. Counsel for FSELS did not object when B&T notified of its intent to withdraw. Procedurally, the parties have completed significant written discovery and document production, but have not yet conducted any depositions. Fact discovery is scheduled to close July 30, 2022. Dkt. 36. A discovery conference is scheduled for August 17, 2022. Dkt. 36. Dates for discovery related to expert discovery and trial have not yet been scheduled. Dkt. 27. Accordingly, there is a natural break in the status of discovery and the timing of withdrawal will enable new counsel to handle depositions and the completion of fact discovery. Although a modest

extension of the discovery period may be needed to accommodate replacement counsel, such an extension would not prejudice FSELS. Furthermore, because expert discovery and trial dates have not yet been set, a modest extension of the discovery period would not materially delay resolution of the proceeding. Accordingly, the motion to withdraw should be granted.

## CONCLUSION

WHEREFORE, B&T and each of the individual attorneys affiliated with B&T who have filed appearances in this action respectfully request that the Court grant this motion.

Dated: August 2, 2022

Respectfully submitted,

/s/ *Lawrence E. James, Jr.*

Barnes & Thornburg LLP

Lawrence E. James, Jr. (*pro hac vice*)
Jonathan A. Froemel (*pro hac vice*)
1 N. Wacker Drive
Suite 4400
Chicago IL 60606
Telephone: (312) 357-1313
Facsimile: (312) 759-5646
lee.james@btlaw.com
jonathan.froemel@btlaw.com

George E. Horn, Jr.
Caitlin R. Byczko (*pro hac vice*)
201 S. Main St., Suite 400
South Bend, Indiana 46601
Telephone: (514) 233-1171
Fascimile: (574) 237-1125

Attorneys for Defendant / CounterPlaintiff

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this day, August 2, 2022, service of a true and accurate copy of the foregoing stipulation was served on all counsel of records via the Court's ECF system.

                                        BARNES & THORNBURG LLP

                                        */s/Lawrence E. James, Jr.*